STUART HANLON, CSBN: 66104
SARA RIEF, CSBN: 227279
Law Office of Hanlon & Rief
1663 Mission St, Suite 200
San Francisco, CA 94103

Attorney for Defendant
MICHAEL DELFON GREGORY, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>MICHAEL DELFON GREGORY, JR.<br>    Defendant. | No. CR-16-00307-RS<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

# **INTRODUCTION**.

Mr. Gregory and the government reached a plea agreement in this case pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Mr. Gregory pled guilty to possession with intent to distribute, a violation of 21 U.S.C. § 841(a)(1).

Pursuant to the Sentencing Guidelines, the parties agreed to an adjusted offense level of 8. While the parties did not reach and agreement as to criminal history, Mr. Gregory has no prior convictions therefore he is a Criminal History Category I. The applicable guideline range is 0 to 6 months.

The presentence report recommends that Mr. Gregory be placed on probation for a period of five (5) years with no additional custodial time. Mr. Gregory asks this Court to adopt the recommendation of probation.

**DISCUSSION**

The Sentencing Act guides federal judges in their selection of a sentence and directs the courts to "impose a sentence sufficient, but not greater than necessary, to comply . . . with the need for the sentence imposed –

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(2).

Section 3553(a) further directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established for the offense under the Guidelines; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. Thus, the Guidelines range for the offense is but one of ten factors specified under The Sentencing Act.

In accordance with the directives of 18 U.S.C. § 3553(a), Mr. Gregory submits the following concerning the Court's consideration of the required factors in imposing a sentence.

I.    **PERSONAL HISTORY AND CHARACTERISTICS**

Mr. Gregory is 25 years old. He has lived in the bay area his entire life and is currently living with his grandmother. Mr. Gregory fathered four children (one deceased) and has a baby due with his current girlfriend in August. Mr. Gregory is an active part of the lives of his children. He makes it a point to take his children to school or try to see them as frequently as he can.

Even though he is only 25, Mr. Gregory has experienced very significant loss in his life.

First, while his father is still alive, he has never been a stable and contributory part of Mr. Gregory's life. His father was in prison during a majority of Mr. Gregory's childhood, so he was raised solely by his mother. As a single parent, she worked very hard to raise Mr. Gregory "right", enrolling him in private school education through junior high. She did a wonderful job of keeping him "on track" despite the influences around him. When he transferred from private to public school for his high school years, Mr. Gregory struggled, but his mother remained supportive and was the one person that kept him from completely giving up. After high school graduation, he enrolled in community college. After just one semester of community college, his mother passed away. She was very young and this was a great shock and loss to Mr. Gregory. Mr. Gregory dropped out of school and, truthfully, has been wandering and struggling ever since.[1]

Just a few years ago, Mr. Gregory suffered another loss of his own child in a very controversial accident in San Francisco. This Court may recall reading about a case back in 2014 where a family member was walking with two-year old twins across the street in San Francisco (near the Metreon). One of the twins would not cross the street, so the family member returned to the sidewalk to retrieve the child, leaving the other child in the street. That child, Mi'yana Gregory, was struck and killed by a car. The San Francisco District Attorney's Office charged the family member with felony child endagerment, causing a divide between the families. The loss of his daughter was devastating to Mr. Gregory- especially under these circumstances.

With the lack of his father/male role model during his childhood and the loss of his mother and daughter, Mr. Gregory has admittedly struggled to have a sense of purpose/direction. His dependency on drugs also increased and he began using various drugs as a coping mechanism.

**II.   DRUG ADDICTION**

Without any direction in his life and without dealing with all of his grief, Mr. Gregory did

---

[1] During pretrial, Mr. Gregory has been receiving mental health counseling. This has been very helpful for Mr. Gregory. He has spent a considerable amount of time with the counselor dealing with issues that are at the root of a lot of his problems.

turn to drugs after the death of his mother.  When he was arrested in this case, Mr. Gregory had been a daily user of marijuana for several years as well as a frequent user of cough syrup with codeine and cocaine.  Mr. Gregory has shown a classic struggle with fighting the daily use of drugs during his pretrial release.  Initially, he had several relapses with dishonest disclosures.  Mr. Gregory slowly worked through the dishonesty as he was able to have many breakthroughs during his mental health counseling.  However, he did continue to struggle with using, so he entered into Center Point in November 2016.  Mr. Gregory successfully completed 90 days of treatment.  Since his release from the program, Mr. Gregory has been actively looking for employment and has been attending classes on construction (full-time) hoping to get a union job.  He has a new outlook on his future.

Mr. Gregory has also recently learned that he is going to be a father again and is expecting a child in August.  He has been in an "on and off" relationship with his current girlfriend for several years.  With this new baby on the way, the two have recommitted to their relationship and Mr. Gregory is focused on making sure that he stays on track for his family.

### III.     OFFENSE CONDUCT      .

Mr. Gregory broke into a car and stole a backpack- a crime that would not typically lead to federal charges.  However, the backpack that was left in the car, unbeknownst to Mr. Gregory, belonged to a federal agent from Oklahoma who was in San Francisco for a sporting event.  Inside the backpack was his firearm and his credentials.  Local agents were able to quickly track down Mr. Gregory through surveillance videos.  A search warrant was served on his home where the narcotics were found.

Just after his arrest and his retention of counsel, Mr. Gregory proffered to government agents the whereabouts of the missing items that were of great importance to the government.  Agents were able to recover the items based on his proffer.

### IV.     DISCUSSION

Mr. Gregory now has a federal felony conviction on his record.  This, in and of itself, is a punishment and consequence that he has received in this case.  Further, but for the backpack containing a federal agent's belongings, this case would have remained a state case.  As counsel

for Mr. Gregory practices in state court, counsel believes that this case, in state court, could have resulted in either a misdemeanor conviction or Mr. Gregory could have been given an opportunity to have no conviction if he completed various counseling and programs. Certainly, this is not a "typical" federal case.

This Court should also consider that Mr. Gregory spent three months in residential drug treatment during his pretrial release. This is his first entry into the criminal justice system. It took Mr. Gregory some time to get his addiction under control and realize that pretrial was a help and not a hindrance. The program kept Mr. Gregory away from his children during the holidays and that was extremely difficult, but he persevered.

Since his release from the program, Mr. Gregory is actively looking for employment and has a baby on the way. He is on the right trajectory and placing Mr. Gregory in custody would certainly be a setback to all of his progress. Probation will continue to monitor his drug use, employment and mental health counseling. This is what Mr. Gregory needs for a successful future.

## **CONCLUSION**

Mr. Gregory respectfully requests that this Court place him on probation for a period of five years. Keeping Mr. Gregory out of custody will continue to allow him to work on finding steady employment and keep building on the positive track that Mr. Gregory has been on since entering into treatment last November.

Dated: April 11, 2017                                  Respectfully Submitted,

                                                       /s/
                                                       _____
                                                       SARA RIEF
                                                       Attorney for Defendant
                                                       MICHAEL DELFON GREGORY, JR.