1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  KEVIN J. BARRY (CABN 229748)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6840
7       FAX: (415) 436-7234
        Email: kevin.barry@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 16-0307 RS |
| Plaintiff, | |
| v. | **UNITED STATES SENTENCING MEMORANDUM** |
| MICHAEL DELFON GREGORY, | Date: April 18, 2017 |
| Defendant. | Time: 2:30 p.m. |
| | Hon. Richard Seeborg |

## INTRODUCTION

The defendant, Michael Gregory, stands before the Court to be sentenced following his guilty plea to Count Two of the Information charging him with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). The government submits this sentencing memorandum to inform the Court that it has no objections to the Presentence Report or its sentencing recommendation and to respectfully request that the Court impose a sentence of five years of probation, with the special conditions agreed to in the Plea Agreement.

## DEFENDANT'S OFFENSE CONDUCT

On May 29, 2016, Defendant broke into a car parked near Alamo Square in San Francisco and stole two backpacks. Dkt. 1 (Complaint). The backpacks belonged to a federal law enforcement agent and contained his badge, his credential, his service pistol, additional ammunition, and other valuables. Agents were able to identify the vehicle Defendant was driving before and after he committed the burglary, and this led them to obtain a search warrant for that vehicle and for Defendant's residence. Execution of that search warrant led to the recovery of the service pistol from underneath Defendant's bed. It also revealed the presence of distribution amounts of cocaine powder in Defendant's vehicle, digital scales in the vehicle and in Defendant's bedroom, and a substantial amount of cash.

Based on these facts, the Complaint charged Defendant with theft of government property, in violation of 18 U.S.C. § 641, and with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). These charges were later brought in an Information, after Defendant agreed to waive his right to indictment. Dkt. 11 (July 11, 2016 Information). On August 30, 2016, Defendant pleaded guilty to the drug charge through a plea agreement with the government. Dkt. 26 (August 30, 2016 Plea Agreement).

## DEFENDANT'S POST-ARREST CONDUCT

Following his arrest, agents indicated to Defendant that they had a keen interest in recovering the law enforcement badge and credential, which agents did not find when they recovered the service weapon from Defendant's room. Defendant proffered with agents and told them he had thrown those materials away in Golden Gate Park, specifying the area where he had done so. After a search of that area, agents were able to find those materials.

## DEFENDANT'S PERFORMANCE ON PRETRIAL RELEASE

Although Defendant was initially remanded to custody upon his arrest, due in part to the presumption of detention carried by the charge under Section 841(a)(1), the parties and Judge Beeler agreed on conditions of release during his next appearance on June 7, 2016. Dkts. 3, 4. Defendant was ordered released pursuant to a $50,000 unsecured bond, with his significant other serving as a surety. Among the conditions imposed in the bond were that Defendant not commit any crimes, that he not use or possess any narcotic or other controlled substance without a legal prescription, that he participate in

drug and or mental health counseling, and that he maintain or seek verifiable employment.

Defendant's performance on pretrial release was poor. He repeatedly tested positive for marijuana, and he tested positive for the presence of opiates on several occasions as well. In addition, his supervising officer indicated to the Court that he was not cooperative at times – failing to report as directed; failing to seek employment and job training; expressing negative attitudes toward drug testing and treatment; and not being truthful about drug use and efforts to seek employment.

After repeated violation memoranda filed by Pretrial Services, the government moved for revocation of Defendant's release and appealed Judge Beeler's denial of that motion to Judge Orrick, who was serving as the duty judge. Dkt. 19 (August 18, 2016 Motion for Revocation of Release). During a hearing on August 18, 2016, Judge Orrick denied the government's motion. Dkt. 22 (Minute Order).

After his numerous failed drug tests, however, Defendant expressed interest in participating in residential drug treatment, and he was ordered into a program in November 2016. Dkt. 33 (November 9, 2016 Form 8). The parties agreed to postpone sentencing several times to allow Defendant to complete this treatment. Defendant successfully graduated from the residential program, and he apparently has tested negative since.

## SENTENCING GUIDELINES CALCULATION

The calculation below is based on the 5.4 grams of cocaine that Defendant has agreed he possessed with the intent to distribute. *See* Dkt. 26, ¶ 2 (Plea Agreement).

    a.    Base Offense Level:    12
        (2D1.1(c)(15) – less than 50 grams of cocaine)

    b.    Specific Offense Characteristics:    -2
        (2D1.1(b)(17) – Safety Valve)

    c.    Acceptance of Responsibility:    -2
        (U.S.S.G. § 3E1.1(a))

    d.    Adjusted Offense Level:    8

The Probation Officer correctly determined that Defendant merits a criminal history calculation of I, as Defendant has no prior convictions, just a number of arrests and a juvenile case that resulted in diversion. PSR ¶¶ 25-34. With an adjusted offense level of 8, this results in a range of 0-6 months, a

sentence within Zone A, indicating that a term of probation would be within the range of punishment provided by the Guidelines. *See* U.S.S.G. § 5B1.1(a)(1).

## SECTION 3553(A) FACTORS

The factors listed under 18 U.S.C. § 3553(a) indicate that a term of probation is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The key factors in this case are the nature and circumstances of the offense and the history and characteristics of the defendant, 3553(a)(1); the need for the sentence to afford adequate deterrence, 3553(a)(2)(B); and the Guidelines range established for this type of crime and the defendant's criminal history, 3553(a)(4)(A)(i). Of these factors, the critical one is the issue of deterrence.

Defendant's record and history indicate that up to this point in his adult life, he has not been required to be accountable for his actions. The PSR indicates that Defendant has been arrested at least six times, for crimes such as burglary, carrying a loaded firearm, and possession of controlled substances while armed. None of these arrests resulted in criminal convictions. PSR ¶¶ 25-35. Perhaps because he was not prosecuted, none of these arrests served to deter Defendant from the conduct here – breaking into a car, stealing a weapon, and possessing cocaine with intent to distribute it.

Defendant's failure to take responsibility for his actions can also be seen in the fact that he has been financially supported by his grandmother and girlfriends. PSR ¶ 53. Although he is 26 years old, he has never been gainfully employed, despite having three young children to support. PSR ¶¶ 50-52, 39. In the government's view, this pattern continued during the early part of Defendant's time on pretrial release, as he proved unable or unwilling to abide by the conditions imposed by the Court.

There have been signs of a change, however. The first is Defendant's decision to assist the recovery of the law enforcement badge and credential. Without Defendant telling agents where he had discarded these items, agents would not have found them. The second is Defendant's successful completion of residential drug treatment and his continued negative drug tests since. While these steps are modest, they nevertheless represent progress.

The Probation Office's recommendation of 5 years of probation, which the government joins, is something of a gamble, hoping that the forward progress continues, and that the experience of being

prosecuted, pleading guilty, and successfully completing drug rehabilitation will be sufficient to deter future criminal conduct, without the need for a custodial sentence.

A five year term of probation also has an additional benefit. Should Defendant halt his path toward being a productive and responsible member of society and re-offend, he faces the prospect of having the term of probation revoked, at which point he will once again be subject to up to 20 years in prison. Were the Court to impose a sentence of time served and supervised release, his maximum exposure for any violations would be only two years. The prospect of revocation of probation and re-sentencing may serve as an additional deterrent.

Finally, the Court can consider that a term of probation is within the range of sentences provided for by the Guidelines. Defendant's character and crime fall close to the "heartland" of cases to which the Guidelines are intended to apply, and therefore, the sentencing range established for such offenses serves as an effective guide for determining a reasonable sentence. *See Rita v. United States*, 551 U.S. 338, 351 (2007); 18 U.S.C. § 3553(a)(4)(A).

## CONCLUSION

In full consideration of Defendant's history and characteristics, together with the goals of sentencing, the United States respectfully requests that the Court sentence Defendant Michael Gregory to a term of five years of probation and a $100 special assessment.

DATED: April 13, 2017

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

_____/s/_____
KEVIN J. BARRY
Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 16-0307 RS                                    5